# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

**JAMES YOUNG,**

    Plaintiff,

v.                                                                                            No. CIV 98-1408 BB/RJD

**ROBERT PERRY, New Mexico Secretary of
Corrections; NEW MEXICO DEPARTMENT
OF CORRECTIONS; DAN MORIARTY,
Warden of Torrence County Detention Center;
TORRANCE COUNTY DETENTION CENTER,
d/b/a CORRECTIONS CORPORATION OF
AMERICA; TIM LEMASTER, Warden of
Penitentiary of New Mexico, Main; CARY
MILLER, Associate Warden of Penitentiary of
New Mexico, South; DAVID ARCHULETA,
Acting Associate Warden of Penitentiary of New
Mexico, North; JOE WILLIAMS, Warden of
Central New Mexico Correctional Facility;
DONALD A. DORSEY, Warden of Western
New Mexico Correctional Facility; JOE
SPRUNK, Warden of Cibola County
Correctional Center; CIBOLA COUNTY
CORRECTIONAL CENTER, d/b/a
CORRECTIONS CORPORATION OF
AMERICA; and DONALD LYTLE, Warden
of Southern New Mexico Correctional Facility,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER is before the Court on Defendants', Dan Moriarty and Corrections Corporation of America ("CCA"), Motion to Dismiss (Doc. 27) filed April 14, 1999. The Court

has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities and grants Defendants' motion.

## I. FACTS AND PROCEDURAL HISTORY

On November 13, 1996 Plaintiff fractured his elbow while playing in a football tournament at the Torrance County Detention Center. After the game Plaintiff was taken to the Detention Center's infirmary where the nurse examined him and administered ice. Plaintiff alleges he made numerous requests for medical care but was not examined by a physician until five days after he sustained the injury, and the fractured elbow was not diagnosed until 15 days later. Plaintiff alleges his physical and emotional injuries were exacerbated by seven subsequent facility transfers. At every transfer, Plaintiff alleges he informed the facility of his injury but received inadequate medical care.

On November 13, 1998 Plaintiff filed a complaint asserting 42 U.S.C. § 1983 claims for Defendants' alleged violations of the Eighth Amendment. On April 14, 1999, Defendants, Dan Moriarty and Corrections Corporation of America, filed a motion to dismiss under Federal Rules of Procedure 12(b)(6) for Plaintiff's failure to state a claim.

## II. DISCUSSION

A district court should dismiss claims "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991)). In reviewing the sufficiency of a complaint, the Court takes all well pled facts as true and construes them in the light most

favorable to the plaintiff. Nonetheless, the Court must carefully distinguish between conclusory allegations and well-pled facts, as only the latter must be taken as true. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir.1984).

Plaintiff brings a 42 U.S.C. § 1983 claim, alleging Defendants' deliberate indifference to Plaintiff's injury through Defendants' intentional decision not to provide Plaintiff with reasonable, timely, and adequate medical care violated Plaintiff's Eighth Amendment rights. Defendants, in their Motion to Dismiss, argue Plaintiff failed to state a claim upon which relief can be granted because Plaintiff: (1) failed to allege personal involvement between Defendants and Plaintiff's injury, a necessary element under 42 U.S.C. § 1983; (2) failed to allege sufficient facts to support a claim for punitive damages under 42 U.S.C. § 1983; and (3) failed to allege sufficient facts to support an Eighth Amendment claim for deliberate indifference.

Defendants' motion is well founded. First, with respect to the requirements of 42 U.S.C. § 1983, Plaintiff's complaint fails to establish any specific connection between the individual Defendants and Plaintiff's injury. Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir.1988). Plaintiff's only relevant factual allegation in his complaint, is the conclusory allegation that all Defendants knew of Plaintiff's injury and intentionally withheld medical treatment. This is insufficient. Mitchell v. Maynard, 80 F.3d 1433 (10th Cir. 1996); Roman v. Koehler, 775 F.Supp 695 (S.D.N.Y. 1995).

Plaintiff completely fails to provide any factual allegations which suggest Mr. Moriarty had any knowledge of Plaintiff's injury, let alone that he chose to withhold medical treatment from Plaintiff. Plaintiff also makes no allegations in the complaint that Mr. Moriarty violated Plaintiff's rights by failing to properly supervise his employees. *See,* Snell v. Tunnell, 920 F.2d 673, 700

(10th Cir. 1990) ("Plaintiffs must show that a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation.") Plaintiff similarly fails to make any allegations connecting CCA to the injury. An institution is only liable under § 1983 if the injury was the result of the institution's policy or custom, and Plaintiff makes no allegations that CCA had any such policy or custom. *See,* Buckner v. Toro, 116 F. 3d 450, 452 (11th Cir. 1997) (private entity which contracted with county to provide medical services to inmates, performed a function traditionally within the exclusive prerogative of the state and became the functional equivalent of the municipality); Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978) (governmental entity is only liable under § 1983 when injury occurred as a result of a governmental "custom" or "policy").

Finally, in order to establish a claim for punitive damages under § 1983, Plaintiff must allege Defendants were "motivated by evil motive or intent" involving a "reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Plaintiff does not make allegations Defendants had such a motive. *See also*, Jolivet v. Deland, 966 F.2d 573, 577 (10th Cir.1992) (quoting Smith).

With respect to Plaintiff's Eighth Amendment claim, Defendants are only liable if they had a "sufficiently culpable state of mind." Farmer v. Brennan 511 U.S. 825, 834 (1994). Defendants must have known of and disregarded an excessive risk to Plaintiff's health. Id. at 837. Significantly, the Supreme Court has clearly found "deliberate indifference entails something more than mere negligence." Id. at 834. Again, other than Plaintiff's conclusory allegation that Defendants knew of Plaintiff's injury and intentionally withheld medical attention, Plaintiff fails to allege any facts to demonstrate that Defendants either knew of or disregarded the risk to

Plaintiff's health. In fact, besides Plaintiff's simple conclusion that Defendants were deliberately indifferent, the only other allegation he makes is that Defendants violated his Eighth Amendment rights because of their "negligent conduct."

Plaintiff's complaint – consisting exclusively of conclusory and unsubstantiated allegations – fails to state a claim upon which relief can be granted, and should therefore be dismissed. Since it is theoretically possible Plaintiff knows of some facts he has presently failed to allege, the dismissal will be without prejudice. Dunn v. White, 880 F.2d 1188 (10th Cir. 1989).

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Doc. 27) be, and hereby is, GRANTED.

Dated at Albuquerque this 17th day of May, 2000.

        BRUCE D. BLACK
        United States District Judge

**Attorneys:**

**For Plaintiff**
Dennis Montoya
1905 Lomas Boulevard, NW
Albuquerque, NM 87104

**For Defendant**
Tila F. Hoffman
1201 Rio Grande Boulevard N.W.
Albuquerque, NM 87104